## Broad Street Subway Case (No. 2).

Argued May 14, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Barnet Lieberman,* with him *Herman D. Levinson, Frazier & Frazier, Wolf, Block, Schorr & Solis-Cohen* and *Ladner & Ladner,* for appellant.

*Howard E. Stern,* Assistant City Solicitor, with him *O. Charles Brodersen,* Assistant City Solicitor, in charge of road bureau, and *David J. Smyth,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE LINN, June 29, 1935:

A board of view was appointed on appellant's petition. He claimed diminution in the market value of his apartment house and lot at the southeast corner of Broad and Dauphin Streets in Philadelphia resulting from the existence in the sidewalk in front of his building of an entrance to the Broad Street Subway (Act of 1913, P. L.

520; Ordinances, 1924, page 113 and page 135). The board heard the case and filed a report in which, among other things, the board held that the claim was barred by limitation. Petitioner excepted. The learned court below dismissed his exception on the same ground, but added, as an additional reason, that it appeared that petitioner was not the owner of the land when the damage, if any, was done, and that he was not the assignee.

We need not discuss these questions nor the point that the damage, if any, is within the rule damnum absque injuria. For the reason stated in the opinion filed this day at Nos. 324, 325 and 326, January Term, 1935 (Construction of Locust Street Subway, Broad Street Subway, Race Street Subway), 319 Pa. 161, there is no statutory authority for the assessment by a board of view of the compensation claimed.

Judgment affirmed.