## Ridge Avenue-Eighth Street Subway Case.

## Broad Street Subway Case.

Argued December 2, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Barnet Lieberman,* with him *Herman D. Levinson* and *Thomas S. Lanard,* for appellants.

*Howard E. Stern,* with him *Joseph H. Lieberman* and *O. Charles Brodersen,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE LINN, January 3, 1938:

These two appeals, arising on different records, one in Common Pleas No. 4 and the other in Common Pleas No. 5, raise the same question and were argued together.

In the one case the Manufacturers' Club of Philadelphia, and in the other, Mary Ziegenfuss, alleged ownership of property abutting on a street in which the city constructed a subway, and, as part of it, constructed within the street lines in front of each petitioner's prop-

erty a kiosk or subway entrance. Each owner filed[*] a petition for viewers averring in substance that the construction of the kiosk had reduced the value of the property by interfering with the free and unobstructed access to the property.

Viewers were appointed and filed reports. In the case of the Manufacturers' Club the jury of view reported "No damage", from which petitioner appealed to the common pleas. In the other case the jury awarded $1,188, from which the city appealed.

In September, 1936, each of the two owners filed a petition for a "rule on the City of Philadelphia to show cause why the form of action in the above entitled case should not be amended or changed to trespass in which action the petitioner shall be plaintiff and the City of Philadelphia, defendant." The city answered and denied the right to amend, asserting that the court was without jurisdiction to appoint the viewers and therefore without jurisdiction subsequently to entertain the appeals and that there was no pending action which could be amended. In each case the petition to amend was dismissed and the appeal to this court taken.

Appellants rely on the Act of May 10, 1871, P. L. 265, 12 PS section 535, which provides: "That in all actions pending or hereafter to be brought in the several courts of this commonwealth, said courts shall have power, in any stage of the proceedings, to permit an amendment or change in the form of action, if the same shall be necessary for a proper decision of the cause upon its merits."

The contention of the city is that no action was pending within the terms of the statute. It is unnecessary now to repeat the legal history of the construction of the subways and resulting liability to property owners; it is sufficiently set forth in the Subway Cases reported in 319 Pa. 161, 179 A. 741, and 319 Pa. 173, 179 A. 746,

---

[*] The Manufacturers' Club's petition was filed July 16, 1931; Mary Ziegenfuss's petition was filed December 7, 1932.

which involved the subway in the street in front of one of petitioner's property. It was held that no statute gave the abutting property owner a remedy by viewers to recover damages, if any, resulting from the construction of the subway within the street lines.

The right asserted by petitioners in their petitions for viewers was not one for which the legislature had provided a remedy by viewers; for the same reason the court was without jurisdiction to appoint them; the proceedings were void from the beginning. The Act of 1871, supra, was not intended to and cannot apply to a statutory form of action which a plaintiff had no right to bring, and which was brought in a court which had no jurisdiction to entertain it.

No. 254 judgment affirmed.

No. 255 judgment affirmed.